UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUY McEACHIN,

Plaintiff,

-against-

BELLEVUE HOSPITAL, et al.,

Defendants.

1:25-CV-2278 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff Guy McEachin, who is appearing *pro se*, originally filed this action in the United States District Court for the Eastern District of New York. By electronic-text order, dated and entered on February 3, 2025, that court directed Plaintiff to show cause, by March 5, 2025, why: (1) his claims against the "St. John's Defendants" should not be dismissed for failure to state a claim on which relief may be granted; and (2) his claims against the "Bellevue Defendants" should not be transferred to this court, under 28 U.S.C. § 1406(a). On March 13, 2025, because Plaintiff did not respond that order, for the reasons set forth in that order, that court dismissed Plaintiff's claims against the St. John's Defendants and transferred Plaintiff's remaining claims (his claims against the "Bellevue Defendants") to this court. (CM/ECF electronic-text order dated March 13, 2025.) That court deferred to this court as to whether to grant Plaintiff's *in forma pauperis* ("IFP") application. (*Id.*)

Plaintiff's remaining claims in his complaint are asserted, under 42 U.S.C. § 1983, against: (1) "Bellevue Hospital," which the Court understands to be NYC Health + Hospitals/Bellevue ("Bellevue"), a public hospital; and (2) one or two unidentified "John Doe" or "Jane Doe" cardiologists employed at Bellevue, sued in their individual and official capacities. Plaintiff seeks damages. The Court construes Plaintiff's complaint as asserting claims

of federal constitutional violations under Section 1983, as well as claims under state law, including claims of medical malpractice.

By order dated March 20, 2025, the court granted Plaintiff leave to proceed IFP, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's claims against the Bellevue Defendants arise from their alleged "deliberate indifference to a serious medical need . . . [demonstrated] by [their] refus[al] to fit Plaintiff with a[] . . . devi[c]e to act as a [defibrillator] upon [Plaintiff's] discharge from" Bellevue. (ECF 1, at 8.) Plaintiff alleges that he had been previously diagnosed with congestive heart failure and had been previously fit with a "life vest" device at another hospital "that [had] bec[o]me lost to the garbage [on approximately November 16, 2024]." (*Id.*) While Plaintiff was at Bellevue, tests revealed that he had suffered at least one heart attack. He states that, when he was discharged from Bellevue, on December 5, 2024, he was not fitted again with any such device.

## DISCUSSION

Plaintiff invokes the Eighth and Fourteenth Amendments (ECF 1, at 4), asserting claims, under 42 U.S.C. § 1983, that the Bellevue Defendants violated his federal constitutional rights by not properly medically treating him, which included failing to fit him with a "life vest" defibrillator device. Because he does not state that he was in custody at the time of the alleged events, the Court understands Plaintiff's complaint as asserting Section 1983 claims of violations of his right to substantive due process under the Fourteenth Amendment. He also appears to assert claims under state law, including claims of medical malpractice.

Inasmuch as Plaintiff asserts claims, under Section 1983, that the individual Bellevue Defendants violated his right to substantive due process because of their alleged failures, as specified above, the Court must dismiss those claims. The United States Constitution does not require a government official to protect an individual from harm. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989) ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. . . . If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them."); *see, e.g.*, *Gong v. Sarnoff*, No. 1:23-CV-0343 (LJL), 2024 WL 3638335, at *7 (S.D.N.Y. Aug. 1, 2024) ("It is settled that the State has no general Due Process obligation to ensure the safety, care, and protection of individuals who are not in its custody." (internal quotation marks and citations omitted)).

There are two recognized exceptions to this general rule: (1) "when [a government official] takes a person into [the government official's] custody and holds him there against his will, the Constitution imposes upon [the government official] a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) when a government official affirmatively creates or increases a danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In both of these contexts, the plaintiff must also show that the government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted). This last "requirement screens out all but the most significant constitutional violations,

'lest the Constitution be demoted to . . . a font of tort law.'" *Id.* (citation omitted). Thus, any claim, including one akin to medical malpractice, that does not allege facts that also satisfy this last requirement is insufficient to state a claim of a substantive due process violation under Section 1983. *See id.*; *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005) ("[T]he Fourteenth Amendment is not a 'font of tort law.' It does not provide a comprehensive scheme for determining the propriety of official conduct or render all official misconduct actionable." (citation omitted)).

Plaintiff does not provide any facts showing that, at any point during the events alleged in his complaint, he was held in custody by the individual Bellevue Defendants, or that they affirmatively created an alleged danger or affirmatively increased an alleged danger to him. He also alleges nothing to suggest that the individual Bellevue Defendants' actions were so egregious or outrageous that they would shock the contemporary conscience. The Court therefore dismisses Plaintiff's claims of substantive due process violations, under Section 1983, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead these claims in an amended complaint in which he alleges facts sufficient to show that the individual Bellevue Defendants violated his right to substantive due process.[1]

---

[1] The Court understands Plaintiff's claims against Bellevue itself and his official-capacity claims against the individual Bellevue Defendants as brought against NYC Health + Hospitals ("H+H") (formerly known as the New York City Health & Hospitals Corporation), a public benefit corporation, and a suable entity, created by New York State law; H+H operates Bellevue and employs the individual Bellevue Defendants. *See* N.Y. Unconsol. Laws §§ 7384(1), 7385(1); *see Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials . . . [because] local government units can be sued directly for damages and injunctive or declaratory relief."). The Court dismisses Plaintiff's claims under Section 1983 against H+H, for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), but with leave to replead such claims against H+H. This is because, if there is no underlying constitutional violation, the Court need not examine whether

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under 42 U.S.C. § 1983, the Court grants Plaintiff 30 days' leave to replead his claims in amended complaint, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order. The effect of that judgment will be: (1) dismissal of all of Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii); and (2) declination of consideration, under the Court's supplemental jurisdiction, of Plaintiff's claims under state law, including any claims of medical malpractice, without prejudice to Plaintiff's asserting such claims in a state court action, *see* 28 U.S.C. § 1367(c)(3).

---

a local government-entity employer, such as H+H, is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219-20 (2d Cir. 2006). If Plaintiff is able to show an abovementioned underlying constitutional violation on the part of the individual Bellevue Defendants, to state a claim under Section 1983 against H+H, he would also have to allege facts showing that H+H had a policy, custom, or practice that caused such a constitutional violation. *See Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983).

## CONCLUSION

The Court dismisses this action for the reasons set forth above. Specifically, the Court dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order. The effect of that judgment will be: (1) dismissal of all of Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii); and (2) declination of consideration, under the Court's supplemental jurisdiction, of Plaintiff's claims under state law, including any claims of medical malpractice, without prejudice to Plaintiff's asserting such claims in a state court action, *see* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 3, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.